FILED _____ ENTERED
LOGGED _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JAN 2 3 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

|  |  |
|---|---|
| TIMOTHY O'KEEFFE | * |
| | * |
| Appellant, | * |
| v. | * |
| | * |
| | * |
| MICHAEL G. WOLFF | * |
| | * |
| Appellee. | * |

Case No.: GJH-14-3829
Bankr. No.: 13-0495-WIL

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is an appeal of the Bankruptcy Court's Order entering judgment against Appellant Timothy O'Keeffe. ECF No. 1-1. This Memorandum and accompanying Order address Appellee Michael G. Wolff's Motion to Dismiss Appeal. ECF No. 2. Appellant has not opposed the motion and the time for doing so has passed. The Court finds that a hearing is unnecessary. *See* Local Rule 105.6. For the reasons stated below, Appellee Wolff's motion to dismiss is GRANTED and this appeal is DISMISSED.

## I.   BACKGROUND

On August 27, 2013, Wolff filed a Complaint for Turnover and Objection to and/or Revocation of Discharge against O'Keeffe as an adversary proceeding in the U.S. Bankruptcy Court for the District of Maryland. Bankr. ECF No. 1. O'Keeffe was served with the complaint and failed to file an answer or dispositive motion. On October 17, 2013, a Clerk's Entry of Default was entered against O'Keeffe. Bankr. ECF No. 6. The adversary proceeding was stayed for a period, but the stay was lifted on May 30, 2014. Bankr. ECF Nos. 11 & 14.  On July 3,

2014, a second Clerk's Entry of Default was entered against O'Keeffe. Bankr. ECF No. 19. The Bankruptcy Court granted Judgment by Default against O'Keeffe on July 21, 2014. Bankr. ECF No. 23. A hearing on damages was scheduled and held on October 22, 2014. Bankr. ECF Nos. 27 & 31. The Bankruptcy Court entered an Order of Final Judgment on Count IV of Wolff's complaint on October 24, 2014. Bankr. ECF No. 32. The adversary proceeding was closed on November 10, 2014. O'Keeffe filed a notice of appeal on November 25, 2014. Bankr. ECF No. 34.

## II.    DISCUSSION

Appellee argues that the Court lacks jurisdiction to hear this appeal due to Appellant's untimely filing of the notice of appeal. ECF No. 2 at 5. The Court "has jurisdiction to determine, as a threshold matter, whether a notice of appeal has been timely filed, but it ultimately will lack jurisdiction to hear the appeal if the appeal was not timely filed." *Reig v. Wells Fargo Bank, N.A.*, 2013 WL 3280035 at *1 (D. Md. June 26, 2013) (citing *AgSouth Farm Credit, ACA v. Bishop (In re Craig Lewis Bishop)*, 333 B.R. 746, 748 n.3 (D.S.C. 2005)).

Under Fed. R. Bank. P. 8002(a)(1), "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."[1] If the notice of appeal is not filed timely, the federal district court is deprived of jurisdiction to hear the appeal. *Smith v. Dairyman, Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986) (citing *Matter of Ramsey*, 612 F.2d 1220, 1222 (9th Cir. 1980)); *Olslund v. Bellinger*, 2012 WL 246440 at *1 (D. Md. Jan. 25, 2012)

---

[1] The time for filing a notice of appeal may be extended if a party timely files certain motions with the Bankruptcy Court. *See* Fed. R. Bankr. P. 8002(b). The Bankruptcy Court may also extend the time to file a notice of appeal if a party files a motion within the time prescribed by 8002(a)(1), or twenty-one days after that time, if the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1). In this case, Appellant did not file any motions with the Bankruptcy Court before or when he filed his notice of appeal.

("Rule 8002(a) of Federal Rules of Bankruptcy Procedure states that such a notice must be filed within 14 days of the entry of the order being appealed. This is a jurisdictional requirement. Failure to comply with this requirement results in the dismissal of an appeal.") (citing *Ballard v. Tamojira, Inc.,* 106 F.3d 389 (4th Cir.1997)).

Here, the Bankruptcy Court entered its Order of Final Judgment on Count IV of Appellee's complaint on October 24, 2014. Bankr. ECF No. 32. Appellant filed a notice of appeal on November 25, 2014, thirty-one days after the Bankruptcy Court's entry of judgment. Bankr. ECF No. 34; ECF No. 1 at 2. Thus, this Court lacks jurisdiction over the appeal.

**III. CONCLUSION**

For the reasons stated above, Appellee Wolff's Motion to Dismiss Appeal, ECF No. 2, is GRANTED. This case is DISMISSED for lack of jurisdiction.

A separate Order shall issue.

Dated: January 23, 2015

GEORGE J. HAZEL
United States District Judge

3